Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as by the act of March 8th, 1819, Rev. Code, ch. 119, a particular mode is prescribed, by which a patent may be repealed, which was not pursued in this case; and as by said act no letter patent or grant which issued upon or after the 26th of February 1818, can be repealed upon any scire facias sued out more than ten years after the date of such letter patent or grant, and more than ten years had elapsed from the 13th day of June 1820, the date of the patent to the appellant, before the institution of this suit, it was error to render a decree repealing the said patent.
But the Court is further of opinion, that as it appears the appellant acquired the possession of the land under some arrangement with Rogers, who is proved to have held as tenant under John Beale, who claimed the land by virtue of the title to which the appellee Andrew M’Cluer alleges he is equitably entitled; that during the period the appellant so held possession, the said land was charged on the books of the commissioner of the revenue to the said John Beale, and the taxes so charged were paid by the appellant; that the appellant having thus acquired possession with the knowledge of the claim of said Beale, subsequently acquired a patent for said land; but thereafter abandoned the possession upon a claim being asserted by those interested in the title alleged to have been vested in said Beale; and those under whom the appellee M’Cluer claims, thereupon purchased the land from a party supposed to be authorized to convey the title so as aforesaid alleged to be vested in Beale, and have paid up the purchase money and remained in the undisturbed possession of the land until the commencement of the writ of right in the bill mentioned, the circumstances aforesaid authorized the Court of Chancery to award an injunction to stay proceedings at law for a reasonable time, to afford the tenant an opportunity to get in the legal title to the land outstanding *296 in a third person, if he could shew he was in equity entitled to call for the same.
And the Court is further of opinion, that as it appears said land was part of a tract granted to Matthew Ralgf0n ^ patent dated the 23d December 1790, and was conveyed by William Ralston, professing to act as attorney in fact of Matthew Ralston, to the said John Beale, as attorney in fact for the firm of Hodgson, Nicholson Sf Co. by deed dated the 13th of September 1796; that said Matthew Ralston at the date of said deed was not a resident’ of Virginia, and continued to reside without the same up to the time of his death; that said William Ralston was the son of said Matthew, and came’ to this county alleging himself to be duly authorized to sell said land; that he did sell and convey the same as such attorney in fact, and received the consideration therefor; that the land has since that-period been held under such conveyance- by the said Beale, as attorney of said Hodgson, Nicholson Sf Co., and his and their tenants, agents or vendees, with the exception of the short period the same was in the possesssion of the appellant, acquired and abandoned under the circumstances aforesaid; and during all that period, (a length of time sufficient to bar a recovery in a writ of right,) no claim to the land has ever been asserted by said Matthew Ralston or his heirs; a presumption amounting to full proof arises, that said William Ralston was the duly' authorized attorney in fact of said Matthew Ralston, with full power to sell and convey said land, and that a regular power of attorney from the said Matthew to said William Ralston did exist. The Court is therefore of opinion, that the said deed from the said William Ralston to the said John Beale, dated the 13th September 1796, was good and effectual as the deed of said Mattheio Ralston, and as against him and his heirs, vested the legal title to the land so conveyed in the said John Beals.
*297 And the Court is further of opinion, that said John Beale held the legal title as trustee for the firm of Hodgson, Nicholson 4* Co. his principals, who would have been entitled to a conveyance of the legal title; but it furthermore appears by the exhibits and letters of members of said firm, that the same was taken by their agent Beale in payment of a debt or debts due the firm, and that the firm desired the same to be sold for the benefit of the firm and to discharge the debts.
That said firm was dissolved on the 1st January 1799, and John Hodgson, one of the firm authorized to close the transactions of said firm, and that said John Hodgson on the 7th January 1799, constituted said Henry Thompson his agent to adjust and settle up the concerns of said firm. That said Thompson in pursuance of such appointment assumed the agency and the control over the land in controversy as appears by his letter to said John Beale of the 12th April 1799.
That in addition to such authority of said Thompson as agent, it appears by the evidence of John Nicholson a member of said firm of Hodgson, Nicholson Sp Co., that the effects of said firm were transferred to the firm of Hodgson, Rotten fy Thompson; and that upon the dissolution of said last mentioned firm the effects and assets thereof became the property of Hodgson Sp Thompson, in which firm Henry Thompson was a partner ; and being such partner, the said John Hodgson by power of attorney dated the 23d May 1801, constituted him his attorney to attend to the transactions of the firm.
The Court is of opinion, that by virtue of the authority vested in said Henry Thompson as aforesaid, as agent and attorney in fact, and in consequence of the transfers of the interests of said firms successively, until the assets vested in the firm of Hodgson Sp Thompson, of which he was a member, (and as it seems surviving member,) it was competent for said Henry Thompson *298 to dispose of the equitable interest held by said firms in said land, and that upon the sale of such equitable interest made by the said Henry Thompson, through his attorney in fact Gen. James Breckenridge, to the party unc[ei. whom the appellee M’Cluer claims, and the full payment of the price and the conveyance of the land by said last mentioned attorney, the purchaser became invested with the equitable right of the said mercantile firms and each of them, and all the members thereof in and to said land, and entitled in their right and for his own benefit to call for the legal title.
The Court is therefore of opinion, that the appellee A. M’Cluer was entitled to a decree affirming the validity of the deed from Matthew Ralston, by his attorney William Ralston, and that the legal title of said Mattheio Ralston to said land passed thereby to the said John Beale; and that in virtue of the purchase made from said Henry Thompson as aforesaid, he was entitled to call for the outstanding legal title in the heirs of said John Beale; and as the said heirs were regularly before the Court, a decree should have been pronounced directing a commissioner for and on behalf of the heirs of Beale to convey to the appellee by deed with special warrantee the tract of land conveyed to John M’Cluer by James Breckenridge as attorney in fact for Henry Thompson, by deed dated the 15th of November 1825, and subsequently conveyed by said John M’Cluer and wife to the appellee Andrew M’Cluer, by deed dated the 9th day of March 1829. Therefore reversed with •costs.
And this Court proceeding to make such decree as the Court below ought to have made, it is adjudged, ordered and decreed that the injunction awarded to restrain the said Septimus Goodwin from using the patent to himself for the land in the bill mentioned upon the trial of the suit at law between himself and the said Andrew M’Cluer, be dissolved, and that the bill of the plaintiff *299 bo dismissed as to said Goodwin, but without costs, and without prejudice to the legal rights of the parties as respectively held under the patents in the bill and pro- ,. -i ceeaings EQGiitionGci.
And it is further adjudged, ordered and decreed, that the deed of the said Mattheio Ralston of the 13th of September 1796, by his attorney in fact William Ralston to the said John Beale was good and effectual as against the said Matthew Ralston and his heirs, and all others to vest the legal title of said Matthew Ralston to the land thereby conveyed in the said John Beale. And it is furthermore adjudged, ordered and decreed, for the reasons aforesaid, that II. W. Bowyer, clerk of the said Circuit Court, who is hereby appointed a commissioner for that purpose, do in the names of the said heirs of John Beale deceased, execute to the said Andrew M’Cluer a deed with special warrantee for the land described in the said deed from James Brechenridge to John M’Clner. and acknowledge the same in order to be recorded: and that each party pay his own costs.